P. D. KELLETT, Jr., Guardian of the Property of C. Lundahl, an insane person, *v.* SAMUEL M. DAMON, HENRY E. WAITY and S. E. DAMON, carrying on business together in copartnership under the firm name or style of BISHOP & COMPANY, and AUGUSTA JOHANSEN.

ORIGINAL.

SUBMITTED APRIL 3, 1901.          DECIDED JUNE 3, 1901.

FREAR, C.J., AND PERRY, J.

The payee of a bank-draft which has not been delivered but withheld and revoked, acquires no title to or interest in such draft.

OPINION OF THE COURT BY PERRY, J.

This is a submission of a case without action. The statement of agreed facts, so far as it is material to be here set forth, is as follows:

"That on January 17th, 1901, the said C. Lundahl" (who was on February 12, 1901, adjudged to be an insane person, and of whose property the plaintiff is the duly appointed guardian) "in writing requested from said Bishop & Company a draft on the Bank of California, San Francisco, California, U. S. A., for the sum of One Thousand Dollars ($1,000.) in favor of Augusta Johansen, one of the defendants herein.

"That on said January 17th, 1901, said C. Lundahl deposited with said Bishop & Company as payment for the said draft, the sum of One Thousand Dollars and also the exchange on said draft.

"That pursuant to said request said C. Lundahl on said Jan-

uary 17th, 1901, received from said Bishop & Company a draft in words and figures as follows:

                    Banking House of Bishop & Co.
U. S. War Stamp 2¢.              Established 1858.
    $1,000.00.                              No. 87135.
                    Honolulu, H. I., Jan. 17, 1901.
(Duplicate unpaid.)   Pay to the order of Miss Augusta Johansen One Thousand Dollars no-100 Dollars.
                            pp. BISHOP & Co.,
To the Bank of California,                    Chas. Bon.
        San Francisco, Cal.

"That no duplicate of said draft has ever been issued by said Bishop & Company.

"That said C. Lundahl retained the said draft in his own possession and never delivered the same to the payee therein named, and the same is now in the possession of the said P. D. Kellett, Jr., who obtained the same on his being appointed guardian as aforesaid.

"That said P. D. Kellett, Jr., since the date of his appointment has tendered said draft to said Bishop & Company and on the 14th day of February, 1901, demanded the return of the sum of One Thousand Dollars deposited with said Bishop & Company by the said C. Lundahl as aforesaid, but that said Bishop & Company have refused to return the said sum.

"That the said Bank of California will neither accept nor pay said draft without the delivery thereof to it properly endorsed.

"That the said Augusta Johansen was informed of the issuance of the said draft and on or about February 21st, 1901, gave notice to the said Bishop & Company not to pay the said draft to any other person than herself.

"That if the Honorable Supreme Court should decide that Augusta Johansen has no title or interest in the said draft, then the said Bishop & Company is ready and willing to pay the amount of the said draft to the said P. D. Kellett, Jr., guardian as aforesaid."

The questions submitted are: "(1) Has the said P. D. Kellett, Jr., the right to recover possession of the said sum of One Thousand Dollars on tendering said draft to said Bishop & Co.? or (2) Has the said Augusta Johansen the right to possession of the said draft from the said P. D. Kellett, Jr., and to payment

of the said sum of One Thousand Dollars ($1,000.) on present-
ing the said draft to the said Bank of California properly en-
dorsed?"

The draft was not delivered to the payee, either directly or
otherwise, but remained in the possession and under the control
of Lundahl. Under the circumstances, no right, in our opinion,
accrued to Augusta Johansen to collect or enforce payment or
delivery of the draft; unless and until delivered, it could be
withheld, recalled or revoked by Lundahl. See 1 Daniel on
Negotiable Instruments, Sec. 63; 1 Parsons on Bills and Notes,
p. 48; 4 Am. and Eng. Encycl. Law, second edition, p. 201.
The plaintiff as guardian represents his ward and has the same
rights and power with reference to the draft that his ward, if
sane, would have had; and, as he may properly do, has now with-
held or revoked the draft.

The second question is answered in the negative. In view of
the terms of the submission as amended, the first question need
not be answered.